**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR. NO. 19-62 (RC)(RMM)** |
| | : | |
| **RUBEN DARIO HERRERA IBANEZ,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A) and 18 U.S.C. § 3142 (d)(1)(B) of the federal bail statute. The government also reserved the right to seek detention under 18 U.S.C. § 3142 (f)(1)(E), and we hereby confirm that we seek detention under that statute as well. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**Introduction**

The defendant is a Bolivian national who lawfully entered the United States in October 2018. However, his reason for coming to the U.S. was to purchase firearms that he could then export to Bolivia without the required license from the federal government. Thus, the defendant has been charged by indictment with Conspiracy to Defraud the United States and Violate the Arms Export Control Act, and the International Traffic in Arms Regulations (Count One) and Unlawfully Exporting and Attempting to Export Arms and Munitions from the United States (Count Two).

## Procedural History and Applicable Authority

On October 26, 2018, the defendant was arrested in Miami, Florida for violating federal firearms laws. He remained in Florida until the Court ordered that he be transferred to the District of Columbia.   The defendant made his first appearance in the U.S. District Court for the District of Columbia on March 25, 2019. At that initial appearance on May 25th, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A) and 18 U.S.C. § 3142 (d)(1)(B) because the defendant is a foreign national who is also a risk of flight. The Court granted those motions and set a detention hearing for Thursday, March 28th. The government reserved the right to also seek detention under18 U.S.C. § 3142 (f)(1)(E), and we now move for detention under that statute as well because the offense involves the possession of firearms.

The government contends that the defendant is a flight risk and that he possessed firearms on October 26, 2018, the date of his arrest in Miami. The government must establish by preponderance of the evidence that a defendant poses a risk of flight, *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986), and that he possessed firearms. In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there

is no condition or combination of conditions that would assure the appearance of the defendant as required or the safety of the community. Therefore, the defendant should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

The government expects that the facts of the case will show that the defendant flew from Bolivia to Miami on October 19, 2018, and on that date he went to a local gun store with a second individual. That individual, on behalf of the defendant, placed a down payment of $1,000 on seven pistols, in particular, model AK-47 Pistol Century Arms MICRO DRAGO (7.62x39), and 100 AK-47 magazines. The defendant flew back to Bolivia on October 22nd, but returned on October 26th. He and the second individual then returned to the gun store in order to complete the purchase of the firearms that had been ordered on October 19th.   However, the gun store refused to complete the purchase.

The defendant asked a gun store employee if he knew someone who would sell him the firearms on the black market, and the employee gave the defendant a phone number of someone the defendant believed would sell him the firearms. Unbeknownst to the defendant, that phone number belonged to an undercover agent ("UCA") with Homeland Security Investigations ("HSI") in Miami. The defendant called the UCA and arranged to meet with him later the same day. During that meeting, the defendant negotiated to purchase ten AK-47 Pistol Century Arms MICRO DRAGO (7.62x39) and 120 AK-47 magazines for a total price of $12,700. Those firearms and firearms parts cannot be exported from the United States without a license from the federal government, which the defendant did not have. After his arrest, the defendant admitted to law enforcement agents that he knew he needed a license to export the firearms and parts.

The defendant and the UCA then drove to an undercover location and the defendant inspected the weapons. The defendant then gave the UCA a $5,000 down payment for the firearms and firearms parts. He told the UCA that he intended to obliterate the serial numbers and then illicitly ship the weapons to Bolivia by taking them to a shipping company in Miami. The defendant took possession of the weapons and started loading them into a vehicle. At that point, agents with HSI arrested the defendant for possession of firearms with the intent to export them from the U.S. without a license.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that the defendant possessed firearms and firearms parts with the intention to illegally export them to Bolivia. The nature of this offense weighs heavily in favor of detention.

## Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. As set forth above, the defendant knowingly and willingly paid for, and took possession of firearms and firearms parts that he intended to illegally export to Bolivia. He purchased the weapons from, and revealed his plans to, an undercover agent with HSI. Thus, the case against the defendant is very stong.

## The Defendant's History and Characteristics

The defendant is not a citizen of the United States. He is a Bolivian citizen who traveled to the U.S. twice in October 2018 with the specific purpose of buying firearms that he could illegally export to his home country, Bolivia. Moreover, the defendant does not have any ties to the United States that would encourage him to willingly remain in this country to face prosecution and the

possibility of a significant period of incarceration. These factors also weigh heavily in favor of detention.

## **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant does not live in the United States and has no obvious means of supporting himself if he were released into the community. He essentially could face the possibility of immediately becoming homeless. While we cannot point to any prior history of criminal behavior by the defendant, the need to support himself in a country that is not his home could cause him to resort to desperate measures, some of which could involve criminal activity. Therefore, the defendant could pose a danger to the community, and this factor weighs in favor of detention.

## **There is No Condition or Combination of Conditions that Would Ensure Mr. Williams' Compliance with Court-Ordered Release Conditions**

Based on the serious nature of the crime, which includes the possession of firearms; the strong possibility of conviction and a sentence of incarceration; and the defendant's lack of ties to the United States, and this community in particular, the defendant poses a serious risk of flight. There is no condition, or combination of conditions that could be set that would encourage him to remain in the community and return to court to face prosecution.

## **Conclusion**

The government respectfully requests that the detain the defendant pending trial because

he is a risk of flight and he was in possession of firearms with the intent to illegally export them

from the United States to Bolivia.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By:      _____/s/_____
         Frederick W. Yette, DC Bar #385391
         Assistant United States Attorney
         555 4th Street, N.W.
         Washington, D.C. 20530
         Frederick.Yette@usdoj.gov (202-252-7733)

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa N. Walters, certify that, on this 11th day of May, 2018, the government filed a copy of the foregoing Memorandum in Support of Pre-Trial Detention on the Electronic Case Filing ("ECF") system and served a copy on counsel for Mr. Williams, Celia Goetzl, Esquire, through the ECF.

/s/
_____
Lisa N. Walters
Assistant United States Attorney
